**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 21-75 (lead), see attached _____    _____ Caption [use short title] _____

**Motion for:** See attached _____

_____

_____

Set forth below precise, complete statement of relief sought:

See attached _____

_____                    Komatsu v. The City of New York

_____

_____

_____

_____

**MOVING PARTY:** Towaki Komatsu _____    **OPPOSING PARTY:** See attached _____

[✔] Plaintiff          [ ] Defendant

[ ] Appellant/Petitioner    [ ] Appellee/Respondent

**MOVING ATTORNEY:** Towaki Komatsu _____    **OPPOSING ATTORNEY:** James Johnson (New York City Corporation Counsel) _____

[name of attorney, with firm, address, phone number and e-mail]

Towaki Komatsu                          New York City Law Department

802 Fairmount Pl., Apt. 4B, Bronx, NY 10460    100 Church St., New York, NY 10007

Tel: 347-872-1205; E-mail: Towaki_Komatsu@yahoo.com    Tel: 212-356-1000; E-mail: ServiceECF@law.nyc.gov

Court- Judge/ Agency appealed from: U.S. Magistrate Judge Gabriel Gorenstein _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):

[✔] Yes    [ ] No (explain):_____

_____

Opposing counsel's position on motion:

[ ] Unopposed    [ ] Opposed    [✔] Don't Know

Does opposing counsel intend to file a response:

[ ] Yes    [ ] No    [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?    [✔] Yes  [ ] No

Has this relief been previously sought in this court?    [ ] Yes  [✔] No

Requested return date and explanation of emergency:  _____

See attached due to space constraints here.

_____

_____

_____

Is oral argument on motion requested?    [✔] Yes  [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    [ ] Yes  [✔] No  If yes, enter date:_____

**Signature of Moving Attorney:**

Towaki Komatsu _____  **Date:** 2/3/21 _____  Service by: [ ] CM/ECF  [✔] Other [Attach proof of service]

A. **Additional docket numbers:** 21-104, 21-111, 21-121, 21-156, 21-158

B. **Motion for having this Court grant me relief that:**

1. Immediately grants me a retroactive stay of the discovery deadline of 1/15/21 that U.S. Magistrate Judge Gabriel Gorenstein issued through his 12/18/20 order (Dkt. 450) in the ongoing case of _Komatsu v. City of New York_, No. 18-cv-3698 (LGS)(GWG)(S.D.N.Y.) that is hereinafter referred to as "K1" and is the subject of this interlocutory appeal.

2. Vacates Judge Gorenstein's 1/29/21 order (Dkt. 485) that authorized the defendants' attorneys in K1 to submit an application to have sanctions issued against me.

3. Declares that Judge Gorenstein flagrantly and willfully violated my rights pursuant to the First Amendment and Fourteenth Amendment to receive a copy of the order through the mail that U.S. District Judge Lorna Schofield issued on 1/13/21 (Dkt. 470) in K1 that was in response to my objections pursuant to FRCP Rule 72 to the discovery order (Dkt. 450) that Judge Gorenstein issued on 12/18/20 before I would possibly need to comply with the terms of his 12/18/20 order.

4. Declares that Judge Gorenstein flagrantly and willfully violated my rights pursuant to _Triestman v. Federal Bureau of Prisons_, 470 F.3d 471 (2d Cir. 2006) to be accorded special solicitude by him as a pro se plaintiff.

5. Declares that the fact that a copy of Judge Schofield's 1/13/21 order in K1 was not delivered to me in the mail until after 1/15/21 caused mootness to apply and made the discovery deadline of 1/15/21 null and void that Judge Gorenstein set in his 12/18/20 order because it was obviously impossible for me to comply with that deadline while waiting to first receive Judge Schofield's 1/13/21 order to **a)** ascertain the extent to which I would need to comply with his 12/18/20 order and **b)** what her reasons were for her findings in her 1/13/21 order to possibly pursue an appeal of her 1/13/21 order.

6. Declares that Judge Gorenstein arbitrarily, capriciously, prejudicially, and irrationally abused his discretion by refusing in the memo endorsement that he issued on 1/12/21 (Dkt. 466) to stay his 1/15/21 discovery deadline while I waited to receive Judge Schofield's 1/13/21 order in the mail.

7. Declares that Judge Gorenstein demonstrated prohibited animus towards me by authorizing the attorneys for the defendants in K1 to submit an application to have sanctions issued against me as First Amendment retaliation in response to engaging in protected conduct by refusing to allow him to violate my constitutional right to receive a copy of Judge Schofield's 1/13/21 order in the mail before I would possibly need to comply with the terms of his 12/18/20 order.

8. Immediately and administratively terminates Judge Gorenstein's assignment to K1 and reassigns his assignment to it to a different U.S. magistrate judge.

## C. **Opposing Parties**:

1. The City of New York
2. Rafael Beato
3. NYPD Detective Andrew Berkowitz
4. NYPD Detective Raymond Gerola
5. NYPD Officer Yu Lie
6. Ralph Nieves
7. NYPD Inspector Howard Redmond
8. Pinny Ringel
9. Rachel Atcheson
10. Harold Miller

## D. **Opposing Attorneys' Contact Information**:

- **Name**: James Johnson     (his office represents the first 10 defendants listed above)

  **Mailing address**:
  New York City Law Department
  100 Church Street
  New York, New York 10007

  Tel: (212) 356-2500
  E-mail: ServiceECF@law.nyc.gov

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT

-------------------------------------------------------- X

TOWAKI KOMATSU,

                                Plaintiff,

      v.

The City of New York,

                                Defendants.

-------------------------------------------------------- X

Docket Number: 21-75
(lead)

**Affidavit in support of
motion to retroactively
stay the 1/15/21 discovery
deadline**

**TOWAKI KOMATSU**, hereby certify under penalty of perjury the following to

be true:

1.     I am the pro se Plaintiff in the above-entitled interlocutory appeal and as

such I am fully familiar with the facts and circumstances set forth herein.

2.     The ongoing case of _Komatsu v. City of New York_, No. 18-cv-3698

(LGS)(GWG)(S.D.N.Y.) in which I'm the plaintiff is hereinafter referred to as

"K1". The ongoing case of _Komatsu v. City of New York_, No. 20-cv-7046

(ER)(GWG)(S.D.N.Y.) that is related to K1 and in which I'm the plaintiff is

hereinafter referred to as "K2". U.S. Magistrate Judge Gabriel Gorenstein is

assigned to both K1 and K2.

3.     The relief that I seek from this Court will be through an order it issues that:

a.     Immediately grants me a retroactive stay of the discovery deadline of 1/15/21 that Judge Gorenstein issued in K1 through his 12/18/20 order (Dkt. 450).

b.     Vacates Judge Gorenstein's 1/29/21 order (Dkt. 485) that authorized the defendants' attorneys in K1 to submit an application to have sanctions issued against me.

c.     Declares that Judge Gorenstein flagrantly and willfully violated my rights pursuant to the First Amendment and Fourteenth Amendment to receive a copy of the order through the mail that U.S. District Judge Lorna Schofield issued on 1/13/21 (Dkt. 470) in K1 that was in response to my objections pursuant to FRCP Rule 72 to the discovery order (Dkt. 450) that Judge Gorenstein issued on 12/18/20 before I would possibly need to comply with the terms of his 12/18/20 order.

d.     Declares that Judge Gorenstein flagrantly and willfully violated my rights pursuant to *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) to be accorded special solicitude by him as a pro se plaintiff.

e.     Declares that the fact that a copy of Judge Schofield's 1/13/21 order in K1 was not delivered to me in the mail until after 1/15/21 caused mootness to apply and made the discovery deadline of 1/15/21 null and void that Judge Gorenstein set in his 12/18/20 order because it was obviously impossible for me

to comply with that deadline while waiting to first receive Judge Schofield's 1/13/21 order to **a)** ascertain the extent to which I would need to comply with his 12/18/20 order and **b)** what her reasons were for her findings in her 1/13/21 order to possibly pursue an appeal of her 1/13/21 order.

f.      Declares that Judge Gorenstein arbitrarily, capriciously, prejudicially, and irrationally abused his discretion by refusing in the memo endorsement that he issued on 1/12/21 (Dkt. 466) to stay his 1/15/21 discovery deadline while I waited to receive Judge Schofield's 1/13/21 order in the mail.

g.      Declares that Judge Gorenstein demonstrated prohibited animus towards me by authorizing the attorneys for the defendants in K1 to submit an application to have sanctions issued against me as First Amendment retaliation in response to engaging in protected conduct by refusing to allow him to violate my constitutional right to receive a copy of Judge Schofield's 1/13/21 order in the mail before I would possibly need to comply with the terms of his 12/18/20 order.

h.      Immediately and administratively terminates Judge Gorenstein's assignment to K1 and reassigns his assignment to it to a different U.S. magistrate judge.

**Grounds to Grant the Relief Requested:**

1.     Unless otherwise specified below, all orders, memo endorsements, and decisions that were issued by Judge Gorenstein and Judge Schofield were issued in K1.

2.     This interlocutory appeal is pursuant to the collateral order doctrine that is discussed as follows in *US v. Punn*, 737 F.3d 1 (2d Cir. 2013):

> a.    "To fall within the scope of the collateral order doctrine, an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment."

> b.    "An "order is "effectively unreviewable" where "the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.""

3.     On 11/24/20, U.S. Magistrate Judge Sarah Netburn established a clear legal precedent in the findings that she issued in *In Re Terrorist Attacks On September 11, 2001*, No. 03-MDL-01570 (GBD)(SN) (S.D.N.Y. Nov. 24, 2020) about which my Fourteenth Amendment equal protection and due process rights as well as my First Amendment right to receive information, petition for judicial redress, and have access to the courts applied. I'm referring to the fact that through that decision, she stayed a discovery deadline that she set in a discovery order that she issued on 7/22/20 in that case pending a determination that U.S. District Judge George Daniels would issue in response to objections that were raised by the

plaintiffs in that case pursuant to FRCP Rule 72 about Judge Netburn's 7/22/20 discovery order. Judge Netburn's 11/24/20 decision in that case confirms that she rescheduled the discovery deadline that earlier set in her 7/22/20 order to have that deadline expire more than one month after Judge Daniels issued his 11/16/20 order in response to the objections that were raised by the plaintiffs about Judge Netburn's 7/22/20 order.

4.      What the plaintiffs in *In Re Terrorist Attacks On September 11, 2001* and I have in common is that they raised timely objections pursuant to FRCP Rule 72 to a discovery order that Judge Netburn issued in that case to have Judge Daniels issue a decision about their objections before I followed in those plaintiffs footsteps by raising timely objections pursuant to FRCP Rule 72 to the discovery order that Judge Gorenstein issued on 12/18/20 in K1 to have Judge Schofield issue a decision about my objections to that 12/18/20 order. This means that the plaintiffs in that case and I are similarly-circumstanced plaintiffs as far as Fourteenth Amendment equal protection and due process rights as well as First Amendment rights are concerned.

5.      When Judge Gorenstein issued his 1/12/21 memo endorsement, he knew that Judge Schofield hadn't yet issued a determination about my objections to his 12/18/20 discovery order and contumaciously, insolently, prejudicially, arbitrarily, and flagrantly violated my First Amendment and Fourteenth Amendment rights

that _In Re Terrorist Attacks On September 11, 2001_ affirmed to receive a copy of Judge Schofield's 1/13/21 order in the mail before I would need to possibly comply with the deadlines that he set in his 12/18/20 order. By violating my rights in that way, Judge Gorenstein caused the following relevant findings that are partly about equitable tolling and government estoppel from **a)** _Yang Zhao v. Keuka College_, 264 F. Supp. 3d 482 (W.D.N.Y. 2017), **b)** _Glus v. Brooklyn Eastern Dist. Terminal_, (359 U.S. 231, 79 S. Ct. 760, 3 L. Ed. 2d 770 (1959), and **c)** _Hansen v. Harris_, 619 F.2d 942 (2d Cir. 1980) to apply and equitably bar him from being able to impose any sanction against me in response to my having engaged in protected activity by enforcing my First Amendment and Fourteenth Amendment right to receive Judge Schofield's 1/13/21 order before I would need to possibly comply with the deadlines in his 12/18/20 order.

a. **Excerpt from Yang Zhao v. Keuka College**:

"Equitable tolling applies where (1) the plaintiff actively pursued judicial remedies, but filed a defective filing within the statutory time period, (2) an adversary "induced or tricked" the plaintiff into filing after a deadline passed, (3) **a court misled the plaintiff**, (4) affirmative misconduct by the defendant "lulled [the] plaintiff into inaction," (5) notice to the plaintiff was inadequate".

(boldface formatting added for emphasis)

b. **Excerpt from Glus v. Brooklyn Eastern Dist. Terminal**:

"To decide the case we need look no further than the maxim that no man may take advantage of his own wrong."

c. **Excerpt from Hansen v. Harris**:

"The Government may sometimes be estopped from enforcing its rules, based on the conduct of its agents."

6.    In a similar vein, the following findings from *Toy Manufacturers v. Helmsley-Spear*, 960 F. Supp. 673, 42 U.S.P.Q.2d 1203 (S.D.N.Y. 1997) also apply and warrant having this Court intervene to uphold my constitutional rights by vacating Judge Gorenstein's 1/12/21 order:

""[i]n fashioning relief against a party who has transgressed the governing legal standards, a court of equity is free to proscribe activities that, standing alone, would have been unassailable." *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,* 549 F.2d 368, 390 (5th Cir.1977). *See generally* 4 McCarthy § 30:4 at 30-11 (explaining courts have power to enjoin "an act, which if done alone could be legal, but when performed in the context of a totality of acts does constitute unfair competition")."

7.    The findings in *Terrorist Attacks On September 11, 2001* that I discussed above confirm that Judge Gorenstein lied in his 1/12/21 memo endorsement by stating that my application to have him stay his 12/18/20 order did "not meet the standard for a stay of" his 12/18/20 order. My application to be granted that stay corresponds to the letter dated 1/11/21 that I submitted in K1 to which docket number 465 refers as I continued to wait to receive what turned out to be Judge Schofield's 1/13/21 order in response to my objections to Judge Gorenstein's 12/18/20 discovery order. In my 1/11/21 letter, I stated that Judge Schofield hadn't yet issued a determination about my objections to his 12/18/20 order and that I was exercising my rights pursuant to the First Amendment, Fourteenth Amendment,

and FRCP Rule 72 to wait until I received what turned out to be her 1/13/21 order about those objections before I would possibly have to comply with the deadlines that he set in his 12/18/20 order. I made such remarks in that letter as I also pointedly told him that I didn't have any tolerance for further illegal discrimination by him and Judge Schofield against me in K1. I also explicitly asked him in that 1/11/21 letter to stay his 12/18/20 order and told him that I couldn't tell him then how long I would need him to grant me such a stay for because I didn't have any idea about when Judge Schofield would issue her 1/13/21 order.

8.      On 1/5/21, Judge Gorenstein issued a memo endorsement (Dkt. 460) in which he stated the following about me, my ability to access the Internet, and a request that I submitted to him on 1/3/21 to have him extend his 1/15/21 deadline in K1 that resulted from his 12/18/20 order because of my lack of access to the Internet as hindsight confirms that he arbitrarily and capriciously denied my request for that deadline extension:

> "To the extent he seeks a new deadline tied to a date **relating to his access to internet service**, the application is denied."

> (boldface formatting added for emphasis)

9.      In stark contrast to his findings in his 1/5/21 memo endorsement, U.S. District Judge Edgardo Ramos issued an order (Dkt. 96) on 1/29/21 in K2 in which he arbitrarily, prejudicially, and discriminatorily granted an application (Dkt. 95) without waiting to review my 1/30/21 objections (Dkt. 97) in violation of my due

process rights about the application that Evan Gottstein submitted on 1/29/21 in his capacity as the attorney for the defendants in that case to be granted a deadline extension partly because of unsubstantiated claims he made in which he alleged that he experienced problems with being able to access the Internet that he described as "severe remote internet outages this week" in paragraph 2 in his 1/29/21 application for that deadline extension. This means that by having granted Mr. Gottstein's request for that deadline extension on 1/29/21 while that request was partly due to unsubstantiated Internet access problems that Mr. Gottstein alleged that could possibly have instead been gamesmanship, Judge Ramos established that Judge Gorenstein violated my Fourteenth Amendment equal protection and due process right to be granted similar leniency and flexibility with regards to the deadline that he set in his 12/18/20 order in flagrant violation of his legal duty pursuant to findings in _Triestman v. Federal Bureau of Prisons_, 470 F.3d 471 (2d Cir. 2006) to accord me special solicitude because of my status as a pro se plaintiff.

10.     On 1/3/21, I submitted an earlier letter (Dkt. 459) to Judge Gorenstein in K1 in which I asked to be granted an extension of the discovery deadline of 1/15/21 that he set in his 12/18/20 order.  My grounds in that letter were due to the fact that I don't have Internet access where I reside. I previously pointed out to him and Judge Schofield in K1 that the ongoing pandemic has collaterally, materially, and

overwhelmingly hamstrung my ability to access public areas where I can gain access to the Internet for extended periods of time through wireless Internet access that is publicly available in those areas. Having access to high-speed Internet access is an essential prerequisite to my ability to complete discovery tasks that Judge Gorenstein directed me to do in his 12/18/20 order. Prior to 1/3/21, I submitted a letter on 11/21/20 (Dkt. 438) in K1 to have Judge Schofield issue an order that would cause public libraries in New York City to be reopened to enable me to connect to high-speed wireless Internet service while inside of them "to facilitate my ability to provide the attorneys for the defendants in this case with discovery material by applicable deadlines that they have requested." Hindsight confirms that entirely reasonable request prejudicially wasn't granted. I thereafter again clearly informed Judge Schofield about the fact that I don't have Internet access where I reside and rely on being able to access the Internet in public places on page 25 and 26 in the initial set of objections (Dkt. 451) that I timely raised on 12/19/20 in K1 pursuant to FRCP Rule 72 in response to Judge Gorenstein's 12/18/20 order. It is entirely evident that I have been diligently trying prior to 1/15/21 to overcome the hardships that I have been experiencing with being able to access the Internet for extended periods of time to perform discovery tasks in K1.

11.    Another way that I tried to overcome that hardship prior to 2021 was by trying to participate in a fair hearing that was conducted on 12/23/20 by the New

York State Office of Temporary and Disability Assistance ("OTDA") between an attorney for the New York City Human Resources Administration ("HRA"), the OTDA administrative law judge who was assigned to that hearing, and I while both OTDA and I legally and separately recorded audio recordings of that hearing. That hearing was about having HRA comply with the fair hearing decision that OTDA issued on 9/15/16 in my favor against HRA that concerned storage expense payments.  Although **a)** that fair hearing decision required HRA to issue payments for storage expenses on my behalf that were retroactive to May of 2016 in the event that HRA determined after 9/15/16 that I was eligible between May of 2016 and September of 2016 to have it issue such payments on my behalf while I resided where I still reside, **b)** HRA determined after 9/15/16 that I was eligible to have it issue such payments that triggered its legal duty to issue retroactive storage payments on my behalf, and **c)** 18 NYCRR §352.31(f)(1) required HRA to reimburse me within 30 days from the date it determined after 9/15/16 that I was eligible to have it pay for storage expenses on my behalf while I resided where I reside for storage expense payments that I paid between May and September of 2016, HRA illegally never reimbursed me for storage expenses that I paid, those payments exceed $1,000 in total, OTDA illegally refused to fully enforce the terms of its 9/15/16 fair hearing decision that it issued about HRA and I, and HRA illegally didn't provide me discovery material that I ordered it to provide to me

prior to 12/23/20 to enable me to use that material during the 12/23/20 OTDA fair

hearing in flagrant violation of my rights pursuant to 18 NYCRR §358-3.7 to have

HRA provided me discovery material that I ordered its personnel on 12/5/20 via e-

mail to provide to me for that 12/5/20 OTDA fair hearing as I identified what that

discovery material was in that 12/5/20 e-mail to personnel of both HRA and

OTDA that partly included HRA Commissioner Steven Banks and Ann Marie

Scalia of HRA.

12.     Furthermore, I didn't receive a copy of Judge Schofield's entire 1/13/21

order until 1/16/21. I received that then from the U.S. Postal Service ("USPS") and

the postmark on the envelope that contained her 1/13/21 order is dated 1/14/21.

The USPS scans the front of all envelopes that are submitted to it for delivery and

records information on the front of those envelopes as it processes such mail. That

information can then be used to determine tracking information that is applicable

to such mail that includes the USPS mail sorting facility that processed such mail

before it was delivered and when the USPS processed such mail. Such information

can confirm that I didn't receive Judge Schofield's 1/13/21 order until after

1/15/21. The docket sheet in K1 also confirms that Judge Schofield's 1/13/21 order

wasn't mailed until 1/14/21.

13.     What follows are relevant excerpts from **a)** _Dresner v. Tallahassee_, 375 U.S.

136, 84 S. Ct. 235, 11 L. Ed. 2d 208 (1963), **b)** _Whalen v. County of Fulton_, 126

F.3d 400 (2d Cir. 1997), **c)** *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161 (E.D.N.Y.

2009), **d)** *Crispin v. Westchester County*, No. 18-cv-7561 (VB) (S.D.N.Y. June 10,

2019), and **e)** *Singh v. US Dept. of Justice*, 461 F.3d 290 (2d Cir. 2006) that

confirm that Judge Gorenstein was prohibited from interfering with my Fourteenth

Amendment and First Amendment right to receive Judge Schofield's 1/13/21 order

prior to possibly needing to comply with terms in his 12/18/20 order. The findings

from *Singh v. US Dept. of Justice* is relevant here because they confirm that Judge

Gorenstein needed to fully abide by applicable rules while fully respecting what

FRCP Rule 72 and my constitutional rights entail by allowing me to wait until after

I received Judge Schofield's 1/13/21 order to possibly need to comply with terms

in his 12/18/20 order.

a. **Excerpt from Dresner v. Tallahassee**:

> "It is fundamental that our constitutions accord to the citizen of the
> United States the right of freedom of speech and of assembly and to
> peaceably petition for a redress of grievances. Such freedoms are
> jealously guarded and when exercised in good faith and in good order
> may not be lawfully interfered with by governmental action."

b. **Excerpt from Whalen v. County of Fulton**:

> "The constitutional right of access is violated where government officials
> obstruct legitimate efforts to seek judicial redress. *See Barrett v. United
> States,* 798 F.2d 565, 575 (2d Cir.1986) ("[T]he Constitution protects
> causes of action from arbitrary interference" by government
> officials.); *see, e.g., Bell v. City of Milwaukee,* 746 F.2d 1205, 1261 (7th
> Cir.1984) (police conspiracy to cover up facts of victim's fatal shooting
> violated right of access). "[W]hen government officials thwart
> vindication of a claim by violating basic principles that enable civil

claimants to assert their rights effectively," an unconstitutional deprivation of a cause of action occurs. *Barrett,* 798 F.2d at 575."

c. **Excerpt from Cityspec, Inc. v. Smith:**

"The First Amendment protects the right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Monsky v. Moraghan,* 127 F.3d 243, 246 (2d Cir.1997); *Patriots Way, LLC v. Marconi,* 2007 WL 988712 *4 (D.Conn.2007). When the government obstructs an individual's effort to seek judicial redress, this right is violated. *Whalen v.County of Fulton,* 126 F.3d 400, 406 (2d Cir.1997). Also protected is "[t]he right to complain to public officials and to seek administrative and judicial relief." *Hampton Bays Connections, Inc. v. Duffy,* 127 F.Supp.2d 364, 372 (E.D.N.Y.2001) (quoting, *Gagliardi v. Village of Pawling,* 18 F.3d 188, 194 (2d Cir.1994))."

d. **Excerpt from Crispin v. Westchester County:**

"To state a claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003)"

e. **Excerpt from Singh v. US Dept. of Justice:**

"At least since *United States ex rel. Accardi v. Shaughnessy,* 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), the Supreme Court has held that an administrative agency must adhere to its own regulations. *See also Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."); *Columbia Broad. Sys., Inc. v. United States,* 316 U.S. 407, 422, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942) (holding that agencies are bound to follow regulations on which individuals justifiably rely)."

14.   Unless this Court promptly intervenes to uphold my constitutional rights that apply to being granted the relief that I seek through this motion, I stand to

immediately experience further flagrant First Amendment retaliation and irreparable harm by Judge Gorenstein as a naked abuse of process in furtherance of an ongoing campaign of harassment, unequal treatment, and discrimination in violation of my equal protection rights that will likely cause K1 to be promptly dismissed. This point partly corresponds to the self-serving submission by the defendants' attorneys in K1 today that corresponds to docket number 492 in which they have urged Judge Gorenstein to dismiss K1 just 2 days after they issued me a 185-page PDF file that is discovery material that is comprised of highly incriminating information that warrants having me granted immediate summary judgment strictly on the merits for the entirety of my claims in K1 and reversal of Judge Schofield's 9/30/19 order in K1 among other things that are all in my favor.

15.     Concerning what I just discussed, the following findings from *Robar v. Village Of Potsdam Board Of Trustees*, No. 8: 20-CV-0972 (LEK/DJS) (N.D.N.Y. Sept. 21, 2020) that cite *Elrod v Burns*, 427 US 347 (1976) support having this Court grant me the entirety of the relief that I have requested in this motion on First Amendment grounds:

> ""Violations of the First Amendment are presumed irreparable." Tunick v. Safir, 209 F.3d 67, 70 (2d Cir. 2000). The Supreme Court has declared that "the loss of First Amendment freedoms, for even minimal periods of time, constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Bery, 97 F.3d at 693 ("Violations of First Amendment rights are commonly considered irreparable injuries for the purposes of a preliminary injunction."); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) (noting that "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold that no

further showing of irreparable injury is necessary," and collecting cases)."

16.     Also, the following excerpts from *Housing Works, Inc. v. Turner*, 00 Civ. 1122 (LAK)(JCF) (S.D.N.Y. Sept. 15, 2004) address what I discussed above about Judge Gorenstein subjecting me to flagrant First Amendment retaliation and irreparable harm as a naked abuse of process in furtherance of an ongoing campaign of harassment, unequal treatment, and discrimination in violation of my equal protection rights:

    a.  "A plaintiff's circumstantial evidence of retaliation could include the timing of the defendant's actions, such as when the alleged retaliation closely follows the plaintiff's speech. Morris, 196 F.3d at 110; McCullough v. Wyandanch Union Free School District, 187 F.3d 272, 280 (2d Cir. 1999). The plaintiff can also proffer evidence of unequal treatment, or an ongoing campaign of retaliation. Hampton Bays Connections, Inc. v. Duffy, 127 F. Supp. 2d 364, 374 (E.D.N.Y. 2001); Economic Opportunity Commission of Nassau County, Inc. v. County of Nassau, 106 F. Supp. 2d 433, 437 (E.D.N.Y. 2000) (citing Gagliardi v. Village of Pawling, 18 F.3d 188, 195 (2d Cir. 1994))."

    b.  "To prove an Olech-type equal protection claim, the plaintiff must show that there was "no rational basis" for the differential treatment it suffered. Wantanabe, 315 F. Supp. 2d at 396. The Second Circuit has not decided whether an Olech claim also requires a showing a illicit motive or intent on the part of the defendant."

17.     No rational basis existed for Judge Gorenstein to have refused to stay his 12/18/20 order while I was waiting to receive Judge Schofield's 1/13/21 order. Also, no rational basis existed for Judge Gorenstein to have refused to extend his 1/15/21 discovery deadline while he was aware that I was having major problems with being able to access the Internet that was substantially and slowing and

hamstringing my ability to comply with his 1/15/21 deadline. No rational basis existed for Judge Gorenstein to have allowed the defendants' attorneys in K1 to apply for sanctions against me in response to my having not complied with Judge Gorenstein's 1/15/21 discovery deadline.

## **Conclusion**

**WHEREFORE**, it is requested that this Court grant this motion in its entirety, together with such other, further and different relief as this court deems just, equitable, and proper.

Dated: February 3, 2021
New York, New York

Towaki Komatsu

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)(2)

I, Towaki Komatsu, certify that this motion contains 4,169 words and is 17 pages in length (excluding, as permitted by Fed. R. App. P. 32(f), the table of authorities, appended exhibits, and certificate of compliance), as counted by the Microsoft Word computer software used to prepare this motion.

I further certify pursuant to Fed. R. App. P. 27(d)(2) that the attached motion is proportionally spaced and has a typeface (Times New Roman) of 14 points.


Dated:        February 3, 2021


_____
Towaki Komatsu

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

## Towaki Komatsu,

Plaintiff-Appellant,

v.

The City of New York

Defendants-Appellees.

**CERTIFICATE OF SERVICE***

Docket Number  21-75

I, **Towaki Komatsu** , hereby certify under penalty of perjury that

(print name)

on  2/3/21   I served the attached **a)** Motion Information Statement form and **b)**
(date)  affidavit in support on defendants' attorney for the docket number
shown above

(list all documents)

by (select all applicable)**

___ Personal Delivery    ___ United States Mail    ___ Federal Express or other
Overnight Courier

___ Commercial Carrier    _X_ E-Mail (on consent)

on the following parties:

**See attached for details.**

_____

_____

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

 2/3/21

Today's Date                                        Signature

Certificate of Service Form

**How service was effectuated on 2/3/21**:

| Parties | Attorney | E-mailed To |
|---|---|---|
| 1. The City of New York<br>2. Howard Redmond<br>3. Ralph Nieves<br>4. Andrew Berkowitz<br>5. Raymond Gerola<br>6. Rafael Beato<br>7. Yu Lie | James Johnson | ServiceECF@law.nyc.gov |